### HARRISON v. TRADER AND WIFE.

MARRIAGE CONTRACT.—The husband is liable for the debts of his wife, created *dum sola*, and no contract entered into between the parties, in contemplation of marriage, can change the responsibility and obligation of the husband in this respect, so as to effect the rights of parties outside of the marriage agreement.

ERROR TO PHILLIPS CIRCUIT COURT.

HON. J. M. HANKS, *Circuit Judge.*

*Watkins & Rose,* and *J. C. Palmer* for Appellant.

It is submitted on behalf of the appellant: That the law being, that the husband shall be liable for the debts of the wife, created *dum sola,* it could only be changed by the law making power. *Story on Contracts, Section* 83; *Chitty on Contracts,* 38; *Higason vs. Collins,* 8 *Ark.,* 241; *Lamb vs. Belden,* 16 *Ark.,* 539; *Dobbin vs. Hubbard,* 17 *Ark.,* 194; *Tyler on Infancy and Coverture,* 332.

*English, Gantt & English,* for Appellees.

BENNETT, J.—This is a suit brought by the indorsee of a bill of exchange for $2500, drawn by Ella K. Newsome, a

*feme sole*, and Thomas S. N. King, on Bartley Johnson & Co., New Orleans, La., on the 13th of March, 1861, and payable to said Ella K. Newsome, or order, on the 20th day of November thereafter, and indorsed by drawees to plaintiff, accepted and protested for non-payment. Defendant, Ella K., subsequently married W. H. Trader, and this suit is brought against husband and wife.

The suit was commenced, by attachment, on the 14th day of February, 1867. At the May term of the court, defendants made their appearance. At the next term of the court, defendant Ella K. filed a plea of general issue, and defendant William H. filed a plea of general issue, and a special plea to the effect that defendants, contemplating marriage, in consideration thereof, and prior thereto, made a marriage contract, which was duly acknowledged and recorded, wherein it was stipulated that the property of neither of said defendants should, after marriage, be taken for the debts of the other. To this plea, plaintiff demurred, which was overruled by the court. Plaintiff electing to rest on his demurrer, and declining to plead over, the court gave judgment for defendants.

Plaintiff brings error.

The only question presented in the case for our consideration, as raised by the demurrer, is : Can a contract, entered into between a man and woman, in consideration or contemplation of marriage, change the liability of the husband for the debts of the wife, created *dum sola*, so as to affect the rights of third parties.

The rule of the common law throws upon the husband the burthen of his wife's debts, contracted by her *dum sola*, whatever may be their amount, and makes him liable for them during the coverture. *Welden vs. Welden*, 7 *Ohio, St. R.*, 30; *Buckner vs. Smyth*, 4 *Dessau*, (*S. C.*) 371.

The principle upon which the husband is liable for the debts of the wife, contracted *dum sola*, is not that he received property by her, for the circumstance of his having received property from her does not increase his liability, nor the fact

that he received no property by her diminish such liability. Nor is the liability based upon the idea that he is a debtor ; but the real ground of this liability is, that the wife, by her marriage, is entirely deprived of the use and disposal of her property, and can acquire none by her industry.  The personal property of the wife passes absolutely to the husband, and he is entitled to the use of her real estate during coverture, and her person, labor and earnings belong unqualifiedly to him.   *Tyler on Infancy* and *Coverture, page* 332-33.

Marriage is a good consideration to sustain a contract made in contemplation of it, or, as Chancellor Kent says, "Marriage has always been held to be the highest consideration in law."  *Strong vs. Arden,* 1 *John's Ch. R.,* 271.

But a contract made upon such consideration will only be enforced in equity upon those who came within the scope of the consideration of marriage.   2 *Story's Eq. Jur., Sec.* 986.

While, as between husband and wife, the contracts entered into between themselves before marriage, in reference to the property of one another, by means of which they may change and control the general rules of their nuptial state, may be held good, they cannot change or vary the terms of the conjugal relation itself, nor can they add to or take from the personal rights or duties of husband and wife.  In the case of *Moore vs. Craig,* 5 *Bos. & Pull., N. R.,* 148, it was held that no agreement between the husband and wife can alter the state of liability or non-liability which the law imposes upon each.

The ground, upon which the plea in the case before us is sought to be supported is, that the defendants mutually agreed, before marriage, that the property of one should not be taken to pay the debts of the other.  While a calm, dispassionate investigation of many authorities shows that the common law disabilities of the wife have been more carefully pruned than those of the husband, and that he is obliged to pay her ante-nuptial debts, it would seem but reasonable and just that if she retains her property to her own exclusive use

and control, notwithstanding the marriage, this liability on his part should not continue. But as the law remains unchanged in this regard, we cannot hold otherwise than that a compact, no matter how solemnly entered into between a man and woman, that would attempt to, and which has for its object the contravention of the general policy of the law in settling the relations of domestic life, and which creditors, third parties and the public are interested to preserve, is invalid. In the language of Lord Chief Justice Kenyon, in the case of *Marshall vs. Mary Ruttan*, 8 *Tenn. R., page* 547, "How can it be in the power of any persons by their private agreements to alter the character and conditions which, by law, result from the state of marriage while it subsists, and from thence to infer rights of action and legal responsibilities as consequences following from such alteration of character and condition; or how can any power, short of that of the Legislature, change that which by the common law of the land is established."

The law being that the husband shall be liable for the debts of the wife created *dum sola*, it could not be changed by the individual acts of the man and woman, so as to affect the rights of parties outside of the marriage agreement.

The demurrer was improperly overruled. The cause is remanded with instructions to sustain the demurrer, and to proceed with the case in accordance with law and not inconsistent with this opinion.